# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JANIS SABETTA                                           :
                                                        : Civil Action No. 04-0298 (GMS)
                Plaintiff,                      :
                                                        :
    v.                                                :
                                                        :
BETHANY MARINA, INC.                                    :
and ALFRED V. MELSON, JR.                               :
            Defendants.                        :

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff, Janis Sabetta, by and through her undersigned attorney, hereby moves this honorable Court to enter an Order enforcing the terms of the settlement agreement executed by the parties in this matter.  In support of this motion, Plaintiff avers the following:

**Factual Background**

1.      Plaintiff, Janis Sabetta, is the owner of a townhouse and a boat slip in a waterfront community known as Bethany Marina in Ocean View, Delaware.

2.      Ms. Sabetta and Defendant, Bethany Marina, Inc. executed an Agreement of Sale for the property and boat slip on or about April 6, 2001.  The purchase price was $309,000 with $289,000 allocated to the house and $20,000 to the boat slip.

3.      The closing occurred on November 30, 2001 and Ms. Sabetta was purportedly given title to the house and Boat Slip No. 144.

4.      At the time of the closing, $3,000 was placed into escrow because Bethany Marina had failed to complete certain punch list items in Plaintiff's house.

5.      Plaintiff subsequently learned that Bethany Marina had not conveyed clear title to her for the boat slip.  In fact, Bethany Marina had conveyed the same boat slip to different parties, including Plaintiff, on three separate occasions.

6.      In addition, while Plaintiff was out of the country on a business trip from September 11, 2002 to October12, 2002, the Defendants entered onto her property without permission and removed a portion of her front deck and the entranceway to her home.

7.      Between November 3 and 6, 2002, the Defendants again went onto Plaintiff's property and removed the asphalt driveway leaving Plaintiff without a driveway and with a steep drop off in the front of her house.

8.      More than four years after these events, the Defendants have yet to repair Plaintiff's property.

9.      Plaintiff initiated this action seeking damages against the Defendants for claims of breach of contract, trespass, conversion and fraud.

10.      In April 2005, the parties appeared for depositions in Ocean City, Maryland.  At the conclusion of the depositions, the Defendants indicated that they wished to resolve the matter including making the necessary repairs to the Plaintiff's property.

11.      The Defendants did not take any action to resolve the matter until the trial date was nearing and the case was submitted to Magistrate Judge Mary Pat Thynge for mediation.

12.      With the assistance of Judge Thynge, the parties reached an agreement to settle this matter, which was reduced to writing.  A true and correct copy of the Settlement Agreement and Release is attached hereto as Exhibit "A" and made a part hereof.

13.      Pursuant to the terms of the Settlement Agreement and Release, the Defendants agreed to the following:

(a)    pay Plaintiff Thirty-Five Thousand Dollars ($35,000) as damages;

(b)    convey marketable title to Plaintiff to a replacement boat slip free and clear of any

liens and/or claims; and

(c)    consent to the release of approximately $2,000 that had been held in escrow for

the remaining punch list items that had not been corrected by the Defendants.

14.    Each of the above terms has been satisfied.

15.    However, the Defendants further agreed that they would make suitable repairs to

the exterior of Plaintiff's property including the deck, entranceway and paved areas.

16.    On January 5, 2006, the Defendants submitted a rudimentary plan for the remedial

work; however, the plan contained no usable detail or specifications.  A true and correct copy of

the plan is attached hereto as Exhibit "B" and made a part hereof.

17.    On January 6, 2006, the undersigned presented the Defendants with a list of

Plaintiff's questions pertaining to the drawing and suggesting a meeting between the parties to

resolve the issues.  A true and correct copy of the undersigned's e-mail of January 6, 2006 is

attached hereto as Exhibit "C" and made a part hereof.

18.    The Defendants failed to address the issues until a meeting was held three months

later on or about May 3, 2006 at which time the Defendants agreed to provide Plaintiff with more

detailed plans for the proposed work.

19.    When the defendants did not produce the revised drawings, despite several

requests from the undersigned, a letter was sent to Judge Thynge requesting her assistance.  A

true and correct copy of the May 30, 2006 letter to Judge Thynge is attached hereto as Exhibit

"D" and made a part hereof.

20.     Judge Thynge scheduled a telephone conference for June 8, 2006 to discuss the settlement.

21.     The revised drawings were produced to Plaintiff on June 8, 2006.

22.     Plaintiff requested additional information regarding the information on the drawings from the Defendants as soon as the revised drawings were received but the Defendants again delayed in responding to her requests.

23.     On August 29, 2006, to move this matter further and despite not having received complete answers to her questions, Plaintiff approved the drawings so that the work could begin.

24.     Pursuant to Paragraph 4 of the Settlement Agreement, the Defendants agreed that the work would be completed within 75 days of the date the plans were accepted by Plaintiff.

25.     On October 19, 2006, counsel provided the Court with a status report in which they stated that the work had not been completed and that if it was not completed in accordance with the Settlement Agreement, that Plaintiff would file the instant motion.

26.     The deadline for the Defendants' completion of the repairs was November 14, 2006 and the Defendants have yet to even begin the repairs.

27.     The Defendants have represented that a contractor has been located but no contract for the work has been signed and the work may not be completed for more than a month from today.

**Relief Requested**

28.     The Defendants have breached the Settlement Agreement because they have failed to make the repairs to the exterior of the Plaintiff's property as required by the terms of the agreement.

29.    Paragraph 6 of the Settlement Agreement states the following:

The parties agree that they will use their best, good faith efforts to effectuate the terms of this agreement and that if any party fails to comply with any of the terms of this agreement, the other party shall be entitled to pursue all available remedies to enforce this agreement and recover all costs and damages related to the enforcement of this agreement.

30.    The Defendants have repeatedly failed to act in good faith with respect to Plaintiff, including but not limited to:

(a)    failing to make the agreed upon repairs to Plaintiff's property in the time frame established by the Settlement Agreement;

(b)    failing to provide confirmation from the Sussex County Planning and Zoning Commission that no government approvals are necessary for the proposed repairs;

(c)    failing to address the questions and issues raised by Plaintiff regarding the plans for the proposed repairs;

(d)    failing to take any action over the past eleven months unless and until they were threatened with further litigation or intervention by the Court

31.    Since the Settlement Agreement was signed in December 2005, Plaintiff has incurred attorney's fees associated with compelling the Defendants to comply with the terms of the agreement.

32.    Plaintiff has been unable to lease and/or sell the property because the Defendants did not perform the exterior repairs.

33.    Plaintiff has delayed employment opportunities so that she can be available to inspect and approve or reject the exterior repairs when they are finally performed.

WHEREFORE, Plaintiff Janis Sabetta respectfully requests this honorable Court to enter an Order (1) compelling the Defendants Bethany Marina, Inc. and Alfred V. Melson to comply

with the terms of the Settlement Agreement and (2) scheduling a hearing to determine the amount of damages recoverable by Plaintiff for the Defendants' breach of the Settlement Agreement.

/s/ Robert D. Ardizzi
Robert D. Ardizzi, Esquire
Davis, Bucco & Ardizzi
2 N. Colonial Avenue
Elsmere, DE 19805
(302) 345-9808
Attorney for Plaintiff

Date: November 20, 2006