**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JANIS SABETTA : | |
| : | Civil Action No. 04-0298 (GMS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BETHANY MARINA, INC. : | |
| and ALFRED V. MELSON, JR. : | |
| Defendants. : | |

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**STATEMENT OF RLEVANT FACTS**

Plaintiff, Janis Sabetta, is the owner of a townhouse and a boat slip in a waterfront community known as Bethany Marina in Ocean View, Delaware. Ms. Sabetta and Defendant, Bethany Marina, Inc. executed an Agreement of Sale for the property and boat slip on or about April 6, 2001. The purchase price was $309,000 with $289,000 allocated to the house and $20,000 to the boat slip. Closing on this transaction occurred on November 30, 2001 and Ms. Sabetta was purportedly given title to the house and Boat Slip No. 144. At the time of the closing, $3,000 was placed into escrow because Bethany Marina had failed to complete certain punch list items in Plaintiff's house.

After paying the taxes on the boat slip, Ms. Sabetta learned that Bethany Marina had not conveyed clear title to her for the boat slip. In fact, Bethany Marina had conveyed the same boat slip to different parties, including Ms. Sabetta, on three separate occasions. In addition, while Ms. Sabetta was out of the country on a business trip from September 11, 2002 to October 12, 2002, the Defendants entered onto her property without permission and removed a portion of her front deck and the entranceway to her home without her permission.

.	Between November 3 and 6, 2002, the Defendants again went onto Ms. Sabetta property and removed the asphalt driveway leaving her without a driveway and with a steep drop off in the front of her house. More than four years after these events, the Defendants have yet to repair her property.

Ms. Sabetta initiated this action seeking damages against the Defendants for claims of breach of contract, trespass, conversion and fraud. In April 2005, the parties appeared for depositions in Ocean City, Maryland. At the conclusion of the depositions, the Defendants indicated that they wished to resolve the matter including making the necessary repairs to the Plaintiff's property. However, the Defendants made no effort to resolve the matter until the trial date was nearing and the case was submitted to Magistrate Judge Mary Pat Thynge for mediation.

With the assistance of Judge Thynge, the parties reached an agreement to settle this matter, which was reduced to writing. Pursuant to the terms of the Settlement Agreement and Release, the Defendants agreed to do the following:

(a) pay Ms. Sabetta Thirty-Five Thousand Dollars ($35,000) as damages;

(b) convey marketable title to Ms. Sabetta to a replacement boat slip free and clear of any liens and/or claims; and

(c) consent to the release of approximately $2,000 that had been held in escrow for the remaining punch list items that had not been corrected by the Defendants.

(d) make suitable repairs to the exterior of the property including the deck, entranceway and paved areas.

The Defendant eventually complied with the payment of damages, the transfer of the deed for the replacement boat slip and the release of the escrowed funds. However, the

repairs to the exterior have never been started, much less completed.

On January 5, 2006, the Defendants submitted a rudimentary plan for the remedial work; however, the plan contained no usable detail or specifications. The next day, the undersigned counsel for Ms. Sabetta presented the Defendants with a list of questions pertaining to the drawing and suggesting a meeting between the parties to resolve the issues. The Defendants failed to address the issues until a meeting was held **three months later,** on or about May 3, 2006, at which time the Defendants agreed to provide Ms. Sabetta with more detailed plans for the proposed work.

When the Defendants did not produce the revised drawings, despite several requests from the undersigned, a letter was sent to Judge Thynge requesting her assistance. Judge Thynge scheduled a telephone conference for June 8, 2006 to discuss the settlement. Not surprisingly, the revised drawings were produced to Ms. Sabetta on June 8, 2006.

As soon as she received these drawings, Ms. Sabetta requested some basic additional information but the Defendants again delayed in responding to her requests. On August 29, 2006, to move this matter further and despite not having received complete answers to her questions, Plaintiff approved the drawings so that the work could begin.

Pursuant to Paragraph 4 of the Settlement Agreement, the Defendants had 75 days to complete the work from the date the plans were accepted by Ms. Sabetta. On October 19, 2006, counsel provided the Court with a status report in which they stated that the work had not been completed and that if it was not completed in accordance with the Settlement Agreement, that Ms. Sabetta would file the instant motion.

The deadline for the Defendants' completion of the repairs was November 14, 2006 and the Defendants have yet to even begin the repairs. In mid- November, the Defendants

represented that a contractor has been located and that a contract was about to be signed with the work to begin within two weeks of the signing of the contract. No work has been completed and no contract has been provided.

## II.     QUESTION PRESENTED

Whether Plaintiff Janis Sabetta is entitled to have the terms of the Settlement Agreement enforced and (1) have the repairs to her property performed immediately and (2) receive compensation for the Defendants' breach of the Settlement Agreement.

## III.    LEGAL ARGUMENT

According to Delaware law, a settlement agreement is a contract that is binding and enforceable upon the parties to the agreement. Woppert v. Windsortech, Inc., Del. Ch., 865 A.2d 1282, 1258 (2004). Therefore, if a party breaches the agreement, the non-breaching party is entitled to appropriate relief including specific performance of the terms of the settlement agreement and appropriate damages. Id., 865 A.2d at 1290.

In this case, the Defendants have breached the Settlement Agreement because they have failed to make the repairs to the exterior of the property as required by the terms of the agreement. The Defendants have repeatedly failed to act in good faith with respect to Ms. Sabetta, including but not limited to:

(a)     failing to make the agreed upon repairs to the property in the time frame established by the Settlement Agreement;

(b)     failing to provide confirmation from the Sussex County Planning and Zoning Commission that no government approvals are necessary for the proposed repairs;

(c)     failing to address the questions and issues raised by Ms. Sabetta regarding the plans for the proposed repairs;

(d) failing to take any action over the past eleven months unless and until they were threatened with further litigation or intervention by the Court

Moreover, Paragraph 6 of the Settlement Agreement states the following with regard to the parties' consequences for failing to comply with the terms of the agreement:

> The parties agree that they will use their best, good faith efforts to effectuate the terms of this agreement and that if any party fails to comply with any of the terms of this agreement, the other party shall be entitled to pursue all available remedies to enforce this agreement and recover all costs and damages related to the enforcement of this agreement.

Since the Settlement Agreement was signed in December 2005, Ms. Sabetta has incurred damages directly caused by the Defendants' breach of the Settlement Agreement. She has incurred attorney's fees associated with compelling the Defendants to comply with the terms of the agreement.[1] Ms. Sabetta has also been unable to lease and/or sell the property because the Defendants did not perform the exterior repairs and she has delayed employment opportunities so that she can be available to inspect and approve or reject the exterior repairs when they are finally performed. Consequently, she is entitled to have the repairs made to her house immediately and to be compensated for here damages that were caused by the defendants' unjustified breach of the settlement agreement.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff, Janis Sabetta, respectfully requests this honorable Court to enter an Order: (1) compelling the Defendants Bethany Marina, Inc. and Alfred V. Melson to comply with the terms of the Settlement Agreement including immediately repairing her

---

[1] This is true despite the fact that Ms. Sabetta and counsel have attempted to limit counsel's involvement as much as possible to avoid generating additional fees , based on the Defendants' repeated representations that they were working to comply with the Settlement Agreement.

property and (2) scheduling a hearing to determine the amount of damages recoverable by Plaintiff for the Defendants' breach of the Settlement Agreement.

                        /s/ Robert D. Ardizzi
                        Robert D. Ardizzi, Esquire
                        Davis, Bucco & Ardizzi
                        2 N. Colonial Avenue
                        Elsmere, DE 19805
                        (302) 345-9808
                        Attorney for Plaintiff

Date: December 6, 2006