UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JANIS SABETTA | : |
| | : C. A. No. 04-298 (GMS) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| BETHANY MARINA, INC. | : |
| and ALFRED V. MELSON, JR. | : |
| | : |
| Defendants. | : |
| | : |

### DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

Defendants, Bethany Marina, Inc. and Alfred V. Melson, Jr., by and through their undersigned counsel, hereby move this Honorable Court to deny Plaintiff's Motion to Enforce the Settlement Agreement. In support thereof, Defendants offer as follows:

**I.  Statement of Facts:**

Plaintiff, Janis Sabetta and Defendant Bethany Marina executed an Agreement of Sale dated April 6, 2001 whereby Plaintiff purchased a townhouse, designated as Unit 89, in the Bethany Marina development in Ocean View, Delaware and a boat slip designated as N. 144, for purchase price of $309,000 with $289,000 allocated to the house and $20,000 to the boat slip. (Ex. 1)

In the underlying lawsuit, Plaintiff claimed that she was informed in 2003 that she was not the legal owner of Boat Slip N. 144 because it had been conveyed to James and Carl Kenny approximately eight months prior. (Ex. 1) Plaintiff further alleged that Alfred V. Melson, Jr., an

1

officer of Defendant Bethany Marina, entered onto Plaintiff's property on two occasions in 2002 to remove the entranceway and driveway to Plaintiff's house and portions of Plaintiff's deck for purposes of compliance with setback codes. (Ex. 1)

Plaintiff initiated the underlying action seeking damages from the Defendants for claims of breach of contract, trespass, conversion and fraud. (Ex. 1) The parties entered into a settlement agreement on or about October 12, 2005. (Ex. 1)

According to the settlement agreement, Defendants agreed to do the following: (1) pay Plaintiff $35,000 dollars; (2) convey marketable title to Plaintiff of a replacement boat slip; (3) consent to the release of approximately $2,000 that had been held in escrow; and (4) make suitable repairs to the exterior of Plaintiff's property including the deck, entranceway and paved areas. (Ex. 1)

Defendants complied with items 1 - 3 of the settlement agreement. (Ex. 1) Item 4 contained conditions that had to be met before the Defendants could perform the work and complete their obligations under the settlement agreement. (Ex. 1) Based on the agreement, Defendants were to deliver written plans to Plaintiff by January 5, 2006. (Ex. 1) The settlement agreement provides a list of requirements that must be accomplished "within 75 days of acceptance of the plans by Sabetta." (Ex. 1) The list included a requirement that the Defendants "prepare and submit to the proper government authority all documents, including as-built plans and a survey, that may be necessary to ensure that Sabetta's property is in compliance with all applicable codes including zoning and set back codes." (Ex. 1)

Defendants submitted plans to Plaintiff on January 5, 2006. (Ex. 2) On January 6, 2006, Plaintiff responded to these plans with a list of questions about the plans. (Ex. 2) Plaintiff did

2

not accept these plans. (Ex. 2) Defendants agreed to deliver more specific plans. (Ex. 3)

Defendants sent another set of plans to Plaintiff on June 7, 2006. (Ex. 4) On July 31, 2006, Plaintiff's counsel sent an email with a list of Plaintiff's questions about the plans. (Ex. 5) On August 25, 2006, Defendants responded to Plaintiff's two remaining questions and asked if any other revisions would be necessary before presenting the plans to the Sussex County Planning and Zoning Commission ("Commission"). (Ex. 6) Plaintiff sent a letter dated August 29, 2006, purporting to be Plaintiff's conditional approval of the plans with a list of conditions. (Ex. 7) The letter further stated that "Sabetta is also retaining the right to give final approval of the plans once they have been approved by the County." (Ex. 7)

Plaintiff filed a Motion to Enforce the Settlement Agreement ("Motion") on December 6, 2006. In the Motion, Plaintiff claims that August 29, 2006 was the date of approval and that Defendants had 75 days from that date to complete the work. By letter dated October 27, 2006, Sabetta's attorney wrote to the Commission to confirm that the proposed alterations complied with all applicable codes and requirements. (Ex. 8) Again, on November 27, 2006, Plaintiff's attorney wrote to the Commission stating that his client sought confirmation that the attached proposed plans are in accordance with all applicable codes.

Defendants moved forward to complete the repairs. A contract for the repair work was signed on November 29, 2006. (Ex. 9) Work began on December 14, 2006 and is expected to be completed by year's end.

**II.    Question Presented:**

Whether Defendants were in breach of the settlement agreement if Plaintiff did not give final approval of the plans on August 29, 2006?

3

### III. Legal Argument:

In her Motion, Plaintiff contends that she accepted the plans on August 29, 2006; thus making November 14, 2006 the deadline for completion of repairs. However by letter dated August 29, 2006, Plaintiff merely conditionally accepted the plans and further reserved the right to give final approval of the plans once they were approved by the county. (Ex. 7) This conditional acceptance is not adequate to constitute acceptance of the plans under the settlement agreement. There is no evidence that Plaintiff actually accepted or gave "final approval" of the plans before filing her Motion.

"A party may not insist upon performance of a contract where he has brought about its breach." 17 A. Contracts Am Jur. 2d § 701 Plaintiff is insisting upon enforcement of the Agreement; although she breached the agreement by failing to provide final acceptance of the plans which would enable Defendants to comply with the Agreement. According to basic contract law, if the "impossibility of performance arises directly or indirectly from the acts of the promisee, it is a sufficient excuse for nonperformance." *Id* The Agreement required final approval by Plaintiff of the plans. Until Defendants received final approval, they could not perform under the Agreement. Nothing could be done by the Defendants without approval by Plaintiff. Under Delaware law, the language of the Agreement should be interpreted based on the terms "ordinary and usual meaning." *Allied Capital Corp. v GC-Sun Holdings, L.P.*, 2006 WL 3437507 (Del. Chan. Ct. November 22, 2006). Thus, Plaintiff's conditional approval does not constitute the final approval required by the Agreement.

Also, the plans in question were not submitted to the Commission by Defendants for

4

approval until September 2006. By locating a contractor and submitting the plans to the Commission for approval, Defendants were attempting to fulfill their obligations under the settlement agreement. Plaintiff's attorney also sent the plans to the Commission on October 27, 2006 for approval. Under the terms of the agreement and by Plaintiff's statement in the August 29, 2006 letter, Defendants were required to first obtain approval of the plans by the Commission and then obtain final approval from Plaintiff before beginning the repair work. (Ex 1, Ex. 5) Defendants made good faith efforts to comply with the settlement agreement by seeking to obtain Plaintiff's approval of the plans before beginning the repair work.

Plaintiff specifically reserved the right to give her final approval, as required by the settlement agreement, after approval of the plans by the Commission. (Ex. 7) There is nothing in the record to reflect that Plaintiff gave Defendants her final approval to begin work before filing this Motion.

After Plaintiff filed the Motion, stating Defendants' plans were approved, the Defendants moved forward to have the repairs completed. Repair work began on December 14, 2006 and is expected to be completed by year's end.

### IV. Conclusion:

Defendants did not violate the settlement agreement. Defendants attempted in good faith to fulfill their obligations under the agreement. Plaintiff delayed providing final approval of the plans. The 75 day period was not triggered on August 29, 2006. Defendants are currently working on the repairs. Based on the forgoing, Defendants respectfully request that this Honorable Court enter an Order denying Plaintiff's motion to enforce the settlement agreement.

                                      **TIGHE & COTTRELL, P.A.**

                                      /s/ Michael K. Tighe
                                      Michael K. Tighe, Esq. (DE ID # 29)
                                      704 King Street, Suite 500
                                      One Customs House
                                      P.O. Box 1031
                                      Wilmington, DE 19899
                                      (302) 658-6400
Dated: December 27, 2006            Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JANIS SABETTA | : |
| | : C. A. No. 04-298 (GMS) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| BETHANY MARINA, INC. | : |
| and ALFRED V. MELSON, JR. | : |
| | : |
| Defendants. | : |
| | : |

### CERTIFICATE OF SERVICE

I, Michael K. Tighe, Esquire, do hereby certify that a true and correct copy of the attached Response to the Motion to Enforce the Settlement Agreement was served via electronic filing and mail to:

Robert D. Ardizzi, Esquire
2 N. Colonial Avenue
Elsmere, DE 19805

                              **TIGHE & COTTRELL, P.A.**

                              /s/ Michael K. Tighe
                              Michael K. Tighe, Esq. (DE ID # 29)
                              704 King Street, Suite 500
                              One Customs House
                              P.O. Box 1031
                              Wilmington, DE 19899
                              (302) 658-6400
                              Attorney for Defendants

Dated: December 27, 2006