# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Release") is made by and between JANIS SABETTA ("Sabetta") and BETHANY MARINA, INC. ("Bethany") and ALFRED V. MELSON, JR., ("Melson").

WHEREAS, Sabetta and Bethany executed an Agreement of Sale dated April 6, 2001 whereby Sabetta purchased and Bethany sold a townhouse, designated as Unit 89, in the Bethany Marina development in Ocean View, Delaware and a boat slip designated as No. 144, for a purchase price of $309,000 with $289,000 allocated to the house and $20,000 to the boat slip; and

WHEREAS, closing on the property occurred on November 30, 2001 at which time Sabetta was to have received title to Unit 89 and Boat Slip No. 144; and

WHEREAS, at the time of closing, $3,000 was placed into escrow for punch list items Bethany had not completed (the Punch List Escrow") and $2,118 currently remains in the Punch List Escrow after certain funds were released to Sabetta for work done to the fireplace at her expense; and

WHEREAS, Sabetta was notified by the local taxing authority in 2003 that she was not the legal owner of Boat Slip No. 144 because Bethany had conveyed title to said boat slip to James and Carol Kenny approximately eight months prior to conveying it to Sabetta; and

WHEREAS, Melson, who was an officer of Bethany at all times relevant to this action, entered onto Sabetta's property on two occasions, once between September 11, 2002 and October 12, 2002 and again between November 3 and 6, 2002 and removed the entranceway and driveway to Sabetta' house as well as portions of Sabetta's deck; and

WHEREAS, the entranceway and deck were removed because Bethany was in violation of setback codes and the removal of these items allegedly brought the house into compliance; and

1

WHEREAS, Melson claims that he had permission from Ms. Sabetta to remove the entranceway, driveway and decking but. Sabetta denies that she gave permission to Melson and/or Bethany to do so; and

WHEREAS, Sabetta filed suit against Bethany and Melson alleging claims for trespass, conversion, breach of contract and fraud arising out of the aforementioned issues with Unit 89 and Boat Slip 144, in the United States District Court for the District of Delaware docketed at No. 04-CV-0298 (the "Litigation"); and

WHEREAS, the parties hereto now wish to amicably settle their differences,

NOW THEREFORE, in consideration of the foregoing recitals and the mutual covenants contained herein, the parties hereto hereby agree as follows:

1.      Upon the signing of this Release, Bethany shall:

(a)      pay Sabetta Thirty-Five Thousand Dollars ($35,000), which shall include $5,710 estimated to be the cost of repairing Sabetta's interior stairway;

(b)      convey marketable title to Sabetta to boat slip No. 150, free and clear of any liens and/or claims; and

(c)      consent to the release of the remaining Punch List Escrow to Sabetta.

2.      At the time the Agreement is signed and upon Bethany's compliance with the terms in paragraph 1 above, Sabetta shall, through counsel, execute a Stipulation of Dismissal of the litigation and deliver that Stipulation to Bethany's counsel for filing with the Court.

3.      On or before January 5, 2006, Bethany shall deliver to Sabetta written plans for the repair of the entranceway to Sabetta's property, the previously asphalted area in front of Sabetta's property and replacement of the parking area in front of the house.

4.    Within 75 days of acceptance of the plans by Sabetta, Bethany will:

(a)    make the repairs necessary to restore the entranceway to Sabetta's property in a form and manner acceptable to Sabetta including addressing the void under the entranceway and relocating the air conditioning unit;

(b)    make all repairs necessary to replace the previously asphalted area in the front of Sabetta's house including the area in front of the garage and replace the downspout ;

(c)    provide a replacement parking area to replace the parking area that had previously existed in the front of the house;

(d)    prepare and submit to the proper government authority all documents, including as-built plans and a survey, that may be necessary to ensure that Sabetta's property is in compliance with all applicable codes including zoning and setback codes;

(e)    The foregoing paragraphs a-d are expressly contingent upon Bethany being able to obtain the service of a contractor or contractors willing and able to complete the foregoing obligations in the time frame indicated. Bethany will exercise its best efforts to secure the services of said contractor(s).

5.    Upon completion of the obligations listed above, Bethany shall obtain approval from all applicable governmental authorities that Sabetta's property is in compliance with all applicable codes, including zoning and setback codes. In the event that the property is not in compliance, Bethany will correct all deficiencies at its own cost and compensate Sabetta for any costs she incurs to enforce this provision

6    The parties agree that they will use their best, good faith efforts to effectuate the terms of this agreement and that if any party fails to comply with any of the terms of this agreement, the

3

other party shall be entitled to pursue all available remedies to enforce this agreement and recover all costs and damages related to the enforcement of this agreement.

7. Upon the complete execution of this Release and Bethany's compliance with the terms set forth above, Sabetta shall completely and expressly release Bethany and Melson as well as their respective owners, officers, directors, members, shareholders, heirs, agents, estates, personal representatives, servants, employees, insurers, attorneys, predecessors, successors and assigns from any and all actions, causes of action, suits, liens, debts, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, executions, claims and demands whatsoever, whether at law or in equity, whether known or unknown, whether asserted or not asserted, which arise out of or which are in any way related to Sabetta's property and boat slip including the claims that were asserted or that could have been asserted in the Litigation.

8. The parties hereby warrant and represent that: (a) they have received, or have had the opportunity to receive, the advice of an attorney of their own choosing, prior to executing this Release; (b) they have carefully read the terms of this Release; (c) they understand the terms of this Release; (d) they have executed this Release voluntarily, without compulsion of any kind; and (e) except as expressly stated herein, no party is relying upon any statement or representation of any person and no inducement of any kind has been made to cause them to enter into this Release.

9. Each party hereto expressly warrants and covenants that this Release has been signed on its behalf by a duly authorized agent and that this Release shall not be subject to any claim that the Release was executed without authorization to do so.

10. This Release constitutes the entire agreement among the parties hereto and there are no other promises, understandings or agreements among the parties whether oral or written with

4

respect to the subject matter of this Release.

11.    No amendment or modification of this Release shall be valid unless the same shall be set forth in writing and signed by all parties hereto.

12.    This Release shall be governed by and interpreted in accordance with the laws of the State of Delaware.

13.    This Release may be executed in counterparts all of which together shall constitute one complete original.

14.    This Release and the provisions contained herein shall be kept confidential by the parties to this agreement and shall not be disclosed to any other persons or entities who are not parties to this agreement, other than the attorneys of the parties hereto.

15.    The failure to comply with any term of this Release shall not be charged against any party whose non-performance was due to conditions outside or beyond its control; e.g. weather conditions, labor unrest or act of God.

**IN WITNESS WHEREOF**, the parties have executed and delivered this Release on this _____ day of December, 2005.

Attest: _Amanda Kresewelle_

Witness: _____

**BETHANY MARINA, INC.**

By: _Debbie M. Nelson_

Title: _President_

**JANIS SABETTA**

By: _____
     Janis Sabetta

respect to the subject matter of this Release.

11    No amendment or modification of this Release shall be valid unless the same shall be set forth in writing and signed by all parties hereto.

12.    This Release shall be governed by and interpreted in accordance with the laws of the State of Delaware.

13.    This Release may be executed in counterparts all of which together shall constitute one complete original.

14.    This Release and the provisions contained herein shall be kept confidential by the parties to this agreement and shall not be disclosed to any other persons or entities who are not parties to this agreement, other than the attorneys of the parties hereto.

15.    The failure to comply with any term of this Release shall not be charged against any party whose non-performance was due to conditions outside or beyond its control; e.g. weather conditions, labor unrest or act of God.

IN WITNESS WHEREOF, the parties have executed and delivered this Release on this 22 day of December, 2005.

BETHANY MARINA, INC.

Attest:_____    By:_____

Title:_____

JANIS SABETTA

Witness:_____    By:_____
Janis Sabetta

5

DEC-23-2005 11:13 From:                                    To:6102380244              P.7/7
12/23/2005 11 50 FAX   410 572 5771      VERIZON WIRELESS                           008/006

DEC-23-2005 10:06 From!                                    To:14105725565           P.7/7
  12/22/2005 17:17    6102380244         DAVIS BUCCO ARDIZZI                        PAGE  07/07

Witness  _____

ALFRED V. MELSON, JR.

By _____
Alfred V. Melson, Jr.

6