# TIGHE & COTTRELL, P.A.
*Attorneys at Law*
704 NORTH KING STREET, SUITE 500
P.O. BOX 1031
WILMINGTON, DELAWARE 19899
Telephone Number (302) 658-6400
Telecopier Number (302) 658-9836
WRITER'S EMAIL: m.tighe@tighecottrell.com

<u>BRANCH OFFICES:</u>

13 WEST AVENUE
P O BOX 303
WOODSTOWN NJ 08098

1220-C EAST JOPPA ROAD
SUITE 505
TOWSON MD 21286

2017 SPRING GARDEN STREET
PHILADELPHIA PA 19130-3804

June 12, 2007

**<u>VIA E-FILE & HAND DELIVERY</u>**

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 North King Street
Lock Box 19
Wilmington, DE 19801

   **RE: JANIS SABETTA v. BETHANY MARINA, INC., and ALFRED V. MELSON, JR.
     C. A. No.: 04-0298 (GMS)
     Our File No. 6909**

Dear Judge Sleet:

  I am writing to request leave to supplement the record before the Court. My request is unopposed.

  I represent Defendants in this case. Plaintiff has filed a motion to enforce a settlement agreement. That motion has been fully briefed. Plaintiff's Reply Brief was filed on May 10, 2007. Since the filing of Plaintiff's Reply Brief, Defendants have come into possession of documents which are important for the Court's resolution of this matter. These documents are:

  (1) Site Plans marked "Approved" by Sussex County Planning & Zoning Commission; and

  (2) A letter from the Commission confirming Defendants' position that the County did not require pre-approval of the Plans and that the Plans are not objected to by the County.

  These documents were not available until May 30, 2007 when they were created.

The Honorable Gregory M. Sleet
June 12, 2007
Page 2

    I request leave of Court to file the attached Supplement to Defendants' Answering Brief incorporating the documents. I conferred with Mr. Ardizzi, counsel for Plaintiff, who indicated no opposition.

                                      Respectfully submitted,

                                      Michael K. Tighe

MKT/dd
Enclosures
cc: Robert Ardizzi, Esquire (w/o encl.)
    Mark Cropper, Esquire (w/o encl.)
    Debbie Melson (w/o encl.)
    Clerk of Court (w/encl.)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JANIS SABETTA | : |
| | : C. A. No. 04-298 (GMS) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| BETHANY MARINA, INC. | : |
| and ALFRED V. MELSON, JR. | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Defendants move this Honorable Court to deny Plaintiff's Motion to Enforce the Settlement Agreement. In support thereof, Defendants offer as follows:

**I.    Defendants Correctly Represented to Plaintiff that Sussex County Did Not Require that the Plans Be Approved:**

Defendants had represented to Plaintiff that their engineer had spoken to the Assistant Director of the Sussex County Planning & Zoning Commission regarding the plans to repair Plaintiff's property. It was represented to Plaintiff that the County did not require approval of the plans defendants had prepared. This representation was based upon the conversation between Defendants' engineer and the Assistant Director.

In her Reply Brief, Plaintiff contends that the County did require approval of the plans. Sabetta argues that Defendants failed to obtain that approval before starting work. She maintains that Defendants are in breach of the settlement agreement, in part, because of this alleged failure.

1

Defendants attach a letter from Shane Abbott, Assistant Director of the Sussex County Planning & Zoning Commission, which confirms the truth of Defendants' representations to Plaintiff. Defendants' engineer, Jeff Clark, did speak to Mr. Abbott and was told that no approval of the plans was required. (Ex. A-Letter from Abbott dated May 30, 2007)

## II.     The Plans Are Acceptable to Sussex County

Sabetta contends that the plans are not acceptable to the County. This is not correct. The letter from Mr. Abbott states that Sussex County has no objections to the proposed alterations (Ex A). In addition, the County has stamped the plans "Approved" on May 30, 2007 while continuing to point out that no building permit was ever required. (Ex B- two pages of plans from Land Tech) The letter from Abbott and the approved plans were sent to counsel for Plaintiff immediately upon receipt by undersigned counsel.

## III.    The Current Status of the Matter

Defendants are working to resolve an issue with the condominium Home Owners' Association regarding the placement of the planter. Defendants are dialoguing with Plaintiff in an effort to allay any remaining concerns Ms Sabetta has. Defendants otherwise stand ready to complete the alterations to Plaintiff's property. It is the understanding of Defendants that Plaintiff will not permit them to enter her land to do the work.

## IV. Conclusion

Defendants should not be held to have breached the Settlement Agreement because of an

2

alleged failure to obtain pre-approval of their plans. Nor should the Court find against Defendants because their plans are or ever were unacceptable to Sussex County. The recently obtained, attached documents show that approval was never required and that the County has no objection to those plans.

                              **TIGHE & COTTRELL, P.A.**

                              /s/ Michael K. Tighe
                              Michael K. Tighe, Esq. (DE ID # 29)
                              704 King Street, Suite 500
                              One Customs House
                              P.O. Box 1031
                              Wilmington, DE 19899
                              (302) 658-6400
                              Attorney for Defendants

Dated: June 12, 2007

# EXHIBIT A

Sussex County
**Planning & Zoning Commission**
P.O. Box 417
Georgetown, DE 19947
302-855-7878
302-854-5079 (Fax)

Robert C. Wheatley
Michael B Johnson
Rodney Smith
Benjamin Gordy
Irwin G. Burton, III
Lawrence B Lank, Director



May 30, 2007

Mr. Jeff Clark
Land Tech Land Planning, L.L.C.
118 Atlantic Avenue
Ocean View, DE 19970

**RE: Bethany Marina – Unit 89**

Dear Mr. Clark,

As per our meeting in early December 2006, this office has no objections to the proposed alterations to the above referenced unit. At that time I advised you that no approvals are necessary. These alterations include relocating an existing heat pump, striping for an additional park space, installing concrete curbing, installing a retaining wall and plantings, and paving an existing area. None of these alterations require a building permit from Sussex County.

Since the project is part of a condominium association, the owner should contact the homeowners' or condominium association for approval since common elements are probably involved.

As always, please do not hesitate to contact me should you have any questions.

Sincerely,

Shane Abbott
Assistant Director

cc: Mark Cropper, Esquire
    6200 Coastal Highway, Suite 200
    Ocean City, MD 21842

TOTAL P.02

# EXHIBIT B



