IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANIS SABETTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-298 GMS |
| | ) | |
| | ) | |
| BETHANY MARINA and | ) | |
| ALFRED V. MELSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

WHEREAS, on November 20, 2006, the plaintiff filed a Motion to Enforce the Settlement Agreement (D.I. 25), with accompanying opening brief;

WHEREAS, on December 27, 2006, the defendants filed an answering brief (D.I. 27), opposing the plaintiff's motion;

WHEREAS, on May 10, 2007, the plaintiff filed a reply brief (D.I. 30), in support of her motion;

WHEREAS, on June 14, 2007, the defendants, with the courts permission, filed a supplemental response brief (D.I. 33);

WHEREAS, the court has considered the parties' submissions on the issue (D.I. 25, 26, 27, 30, 33) and concludes that the plaintiff's conditional acceptance of the defendants' plans, on August 29, 2006, did not constitute "acceptance," as required by the plain and unambiguous language of the settlement agreement;[1] and

---

[1] *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006) ("In interpreting contract language, clear and unambiguous terms are interpreted according to their ordinary and usual meaning . . . Delaware courts will not distort or twist contract language."). The plaintiff accepted the defendant's plans on August 29, 2006, but attached

WHEREAS, the court further concludes that, because the plaintiff did not "accept" the proposed plans on August 29, 2004, the 75-day deadline imposed by the settlement agreement did not begin, and, thus, the defendants did not breach their obligations by not completing work by November 14, 2006;[2]

IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Enforce Settlement Agreement (D.I. 25) is DENIED without prejudice.

Dated: September 24, 2007          /s/ Gregory M. Sleet
                                    CHIEF, UNITED STATES DISTRICT JUDGE

---

conditions, namely that the defendant confirm the width of the driveway, confirm that the planter would not obstruct her ability to enter and exit her car, that the plans be finally approved by the Sussex County Planning and Zoning Department, that she be updated on the progress of the County's approval, and that the defendant's be in compliance with the terms of the settlement agreement. (D.I. 27, Ex. 7.) Pursuant to the terms of the settlement agreement, however, the defendants were required to finish work "[w]ithin 75 days of *acceptance* of the plans by [the plaintiff]," (D.I. 27, Ex. 1 ¶ 4) (emphasis added), not "conditional" acceptance. Further, the conditions that the plaintiff applied to her acceptance were undertakings the defendants were to perform, according to the settlement agreement, only after her acceptance. (See id. ¶ 4(a)-(e).)

[2] The court's findings in this Order do not preclude the plaintiff from bringing another motion to enforce the settlement agreement, should the defendants' actions or inactions warrant such a motion at a later date.